McNeill GRIFFIN et al., Appellants,

v.

CORYELL COUNTY et al., Appellees.

No. 3710.

Court of Civil Appeals of Texas.

Waco.

Feb. 25, 1960.

Rehearing Denied March 17, 1960.

Byron L. McClellan, Gatesville, H. A. Leaverton, Evant, for appellants.

T. R. Mears, Gatesville, Will Wilson, Atty. Gen., Joe G. Rollins, Watson C. Arnold, Wm. T. Blackburn, Asst. Attys. Gen., for appellees.

WILSON, Justice.

Plaintiffs, praying for injunction, originally sued the State of Texas and Coryell County, alleging fee simple ownership of a narrow strip of land, on which it was claimed defendants had trespassed and constructed a paved road constituting a portion of a highway. They pleaded defendants were threatening to enter the remaining unpaved area of the tract, to destroy improvements and to build a paved roadway thereon without authority, as a part of highway 281. The State pleaded its immunity. State and County pleaded acquisition of the described land by judgment in eminent domain proceedings and that plaintiffs had been previously compensated

therefor. The action was dismissed as against the State.

Plaintiffs amended, eliminating the State as a nominal party, substituting the members of the State Highway Commission and the State Highway Engineer, individually and in their official capacities. They joined the County Judge and County Commissioners individually, as officials and as members of the Commissioners' Court, as well as the Sheriff.

Defendants who are sued as Engineer and members of the State Highway Commission filed pleas to the jurisdiction and in abatement, asserting the action as to them was a suit against the State of Texas and no legislative consent having been granted, pleaded sovereign immunity. These and the other defendants filed special exceptions and pleas in bar not material here.

The judgment sustained the plea to the jurisdiction and plea in abatement. It recited that the County Attorney made an "oral disclaimer on the part of Coryell County" and the other defendants who were county officials, by which they disclaimed any title to the land described. It recited the court was of the opinion that the disclaimer "should in all things be granted." The temporary restraining order theretofore issued was dissolved and the entire action was dismissed.

■ Appellants recognize that as to the State Highway Commissioners and Engineer "their acts are the acts of the State", and that if their acts are within the scope of their official duties and authority the action is not maintainable. They contend, however, that since they seek to restrain acts alleged to be without authority, this is not a suit against the State, although the officials are sued "officially and as such members" as well as individually. No cause of action is alleged against these officials as individuals which is independent of that asserted against them in their official capacities.

The State Highway Commission, as an agency of the State, has "exclusive and direct control" over construction of the system of state highways in Texas. Arts. 6663, 6673, 6674q–4, 6674n, Vernon's Ann. Tex.Civ.Stats.

"Suits against officers of a state as representing the state in action and liability, and in which the state, although not a party to the record, is the real party against which relief is sought and in which a judgment for plaintiff, although nominally against the defendant as an individual, could operate to control the action of the state or subject it to liability, are suits against the state." Herring v. Houston Nat. Exch. Bank, 113 Tex. 264, 253 S.W. 813, 814.

Plaintiffs, although alleging in general terms that the threatened action is without authority, in reality seek to prevent the exercise by the State through such officers of an act of sovereignty: the construction of a highway. They do not assert the threatened invasion or appropriation is for other than a lawful public purpose or use; they allege the contrary. "There is a clear distinction between a suit against an officer for a wrong committed by him in the name of the state" and suits against him of the present nature. W. D. Haden Co. v. Dodgen, Tex.Sup., 308 S.W.2d 838, 841.

The suit as to the state officers is to prevent performance by the State of functions of sovereignty through them, and their pleas were properly sustained. Stephens v. Texas & P. Ry. Co., 100 Tex. 177, 97 S.W. 309, 312; State v. Hale, 136 Tex. 29, 146 S.W.2d 731, 737; Short v. W. T. Carter & Bro., 133 Tex. 202, 126 S.W.2d 953, 962; Walsh v. University of Texas, Tex.Civ.App., 169 S.W.2d 993, 994, writ ref.; Sherman v. Cage, Tex.Civ.App., 279 S.W. 508, no rehearing; Mosheim v. Rollins, Tex.Civ.App., 79 S.W.2d 672, 675, writ dis.; 38 Tex.Jur. p. 663, Sec. 60; 27 Tex.L.Rev. 337; 8 Baylor L.Rev. 95.

■ The foregoing holding and basis is not applicable, however, to the remaining

defendants. The basis for dismissal as to them was that they had "announced a disclaimer." This is not a trespass to try title action. Threatened trespass, not dispossession under Rule 783(e), Texas Rules of Civil Procedure, is alleged. Neither is it an action under Art. 3269 as limited by plaintiffs' pleadings, which do not refer to eminent domain or condemnation proceedings. Since plaintiffs seek to enjoin a trespass alleged to be threatened by these defendants, a disclaimer of title or right to possession by them did not conclude plaintiffs nor did it entitle defendants to a dismissal. Dodge v. Richardson, 70 Tex. 209, 8 S.W. 30; Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, 72. We are not authorized to surmise as to the factual basis or legal theory under which these remaining defendants were joined. Plaintiffs allege they are threatening to destroy improvements and build a state highway. Counties are not authorized to construct state highways. Although this allegation may have seemed incredulous, under the record properly before us we believe the action should not have been dismissed as to them without a hearing.

As to appellees, C. F. Hawn, Herbert C. Petry, Jr., Hall Woodard and Dewitt C. Greer, the judgment is affirmed. As to the remaining appellees, the judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

On Appellees' Motion to Dismiss

PER CURIAM.

■ Appellees as to whom the judgment is reversed contend this court has no jurisdiction because the appeal bond and transcript were not filed within twenty days after rendition of judgment, as provided in Rule 385, Texas Rules of Civil Procedure. It is said this is an appeal from an order refusing a temporary injunction, and that "The judgment was rendered on the 16th day of October, 1959, and was signed on the 5th day of November."

The judgment recites that the cause "came on to be heard on the 16th day of October, 1959", and it is ordered that the "suit be and the same is hereby dismissed." It states therein the date of signing, "signed and entered this the 5th day of November, 1959." The appeal bond was filed November 9th; the transcript was filed December 1st, 1959.

Rule 306a, Texas Rules of Civil Procedure, directs judges to cause the date of signing to be stated in the judgment. It provides that "In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was *signed* by the trial judge as *stated therein.*" This judgment clearly establishes the date of its rendition as November 5, 1959. The cases cited by appellee decided since the rule was amended effective 1946, do not hold to the contrary.

Although this is, in a sense, an appeal from an order refusing a temporary injunction, it is not an appeal from an "interlocutory order" under Rule 385. The judgment appealed from is a final judgment completely dismissing the suit, and thereby disposing of all issues and all parties. McKenzie v. Withers, 109 Tex. 255, 206 S.W. 503, 505. This precise question was presented in Hamner v. Garrett, 63 Tex.Civ. App. 208, 132 S.W. 951, 952, in which plaintiffs sought an injunction. The trial court dissolved a preliminary restraining order previously issued (as is the case here) and then dismissed the suit, as here. Appellees contended the transcript should have been filed earlier as required under the rules governing appeals in injunction cases. The court held that the appeal was from a final judgment, not an interlocutory order. It held the counterpart of Rule 385

"does not in terms or by fair implication embrace or attempt to control appeals provided for by general law from the final judgment entered in the cause, even though such final judgment inci-

dentally may determine the right to an injunction in such cause. In other words, the act neither grants nor regulates the right of appeal from final judgments in injunction cases."

The court determined the transcript was timely filed. See also Cotten v. Stanford, Tex.Civ.App., 147 S.W.2d 930. The motion to dismiss for want of jurisdiction is overruled. Motions for rehearing are overruled.