MCNEILL GRIFFIN ET AL v. C. F. HAWN ET AL.

No. A-7819. Decided November 23, 1960.
Rehearing Overruled December 31, 1960.
(341 S.W. 2d Series 151)

*Byron L. McClellan,* of Gatesville, *H. A. Leaverton,* of Evant, *Black & Stayton* and *John W. Stayton,* of Austin, for petitioners.

*Will Wilson,* Attorney General, *H. Grady Chandler, Joseph G. Rollins, Williams T. Blackburn,* Assistants Attorney General, for respondents.

MR. JUSTICE WALKER delivered the opinion of the Court.

The question to be decided in this appeal is whether the action was properly dismissed as being a suit against the State of Texas without legislative consent. Suit was originally insti-

tuted by McNeil Griffin and C. J. Griffin, petitioners, against the State of Texas and Coryell County to restrain the defendants from trespassing on a tract of land alleged to be owned by petitioners and from damaging such land or the improvements thereon. The State asserted its immunity and an order was entered by the trial court dismissing it as a defendant. Before action was taken on such plea, however, petitioners amended and eliminated the State as a party. The defendants named in the amended petition are Coryell County, its County Judge, County Commissioners and Sheriff, the members of the State Highway Commission, and the State Highway Engineer.

Each of such officers was sued individually and in his official capacity, and petitioners prayed that the defendants be enjoined from entering upon the land or damaging the improvements thereon. The members of the Highway Commission and the Highway Engineer, who are respondents here, filed pleas to the jurisdiction and in abatement asserting that the action as to them is a suit against the State of Texas and that legislative consent has not been obtained. A disclaimer on behalf of Coryell County and its officials was announced to the court by the County Attorney. The trial court sustained the pleas to the jurisdiction and in abatement, granted the disclaimer, dissolved the restraining order previously issued, and dismissed the suit. The Court of Civil Appeals affirmed in so far as the State Highway Commissioners and Engineer are concerned, but reversed the judgment of the trial court and remanded the cause as to Coryell County and its officials. 334 S.W. 2d 495.

The partial reversal and remand has not been questioned here, but petitioners contend that the courts below erred in holding that an action to restrain an unauthorized trespass by officials of the State Highway Department is a suit against the State within the rule of immunity. The Court of Civil Appeals reasoned that although it was alleged in general terms that the threatened action is without authority, in reality petitioners are seeking to prevent the exercise by the State of an act of sovereignty: the construction of a highway. It said that the pleas of the state officers were properly sustained because the suit against them is to prevent performance by the State of functions of sovereignty through its officials. We do not agree.

■ Where the purpose of a proceeding against state officials is to control action of the State or subject it to liability, the suit is against the State and cannot be maintained without the consent of the Legislature. W. D. Haden Co. v. Dogden, 158 Texas

74, 308 S.W. 2d 838; Herring v. Houston National Exchange Bank, 113 Texas 264, 253 S.W. 813; Short v. W. T. Carter & Bro., 133 Texas 202, 126 S.W. 2d 953; Walsh v. University of Texas, Texas Civ. App., 169 S.W. 2d 993 (wr. ref.). The present case is governed, however, by the following rule announced in Cobb v. Harrington, 144 Texas 360, 190 S.W. 2d 709, 172 A.L.R. 834:

■ "The act of officials which are not lawfully authorized are not acts of the State, and an action against the officials by one whose rights have been invaded or violated by such acts, for the determination or protection of his rights, is not a suit against the State within the rule of immunity of the State from suit."

Petitioners alleged that they are the lawful owners and entitled to possession of the land in question, and that the defendants, without right, title or authority, are threatening to enter upon the property, tear down improvements and build a highway thereon. Although the State's plea to the jurisdiction alleged that it had obtained possession of the land under a judgment in condemnation, no claim of title or right to possession on the part of State is suggested by the pleadings as they existed when the order now under attack is entered. Such order shows that the court considered only the pleadings and argument of counsel, and if the same is to be sustained it must be on the theory that legislative consent is necessary before the aid of a court can be invoked to prevent an invasion of private property by state officials who wish to devote the same to a legitimate public use.

■ Article 1, Section 17, of our Constitution provides that "no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money, * * *." As pointed out in State v. Hale, 136 Texas 29, 146 S.W. 2d 731, the State is thus excepted from the constitutional requirement that the owner be compensated in advance or secured by a deposit of money. It was there said that "under this express power the State can take or damage private property for public use without payment in advance therefor, and leave the owner thereof without payment until the Legislature sees fit to make an appropriation for the same." This does not mean that state officials are authorized at any time to enter upon and take whatever private property

they decide is needed for public use. Public officials other than the Legislature are not necessarily given the right to act merely bcause the Constitution contains no prohibition against action by the State.

■ The Legislature has provided that whenever in the judgment of the State Highway Commission land is required for highway purposes, the same may be acquired by purchase or condemnation by the County Commissioners Court. If the latter body fails or refuses to act promptly, the Commission is authorized to direct the Attorney General to institute condemnation proceedings in the name of the State. Article 6674n, Vernon's Ann. Texas Civ. Stat. But there is no statute conferring upon the State Highway Department or its personnel authority to construct a highway across privately owned property without having acquired the legal right to do so in the manner provided by law.

■ We do not mean to suggest that respondents were attempting to do so in this instance, but that is the nature of the case as disclosed by the pleadings at the time their pleas were sustained. The question is not whether respondents were acting on behalf of the State to accomplish a proper governmental purpose but whether the action they were about to take is authorized by law. If the present suit could not be maintained without legislative consent, officials of the State would never have to condemn land legally. They could simply appropriate it, and the landowner would be entitled to no compensation unless the Legislature granted him permission to sue. An action to restrain the unlawful invasion of private property by a public official is not a suit against the State at least where the State's title or right to possession is not in issue.

The judgment of the Court of Civil Appeals reversing and remanding the cause as to Coryell County and its officials is affirmed. In all other respects the judgments of the courts below are reversed and the cause is remanded to the District Court.

Opinion delivered November 23, 1960.

Rehearing overruled December 31, 1960.