228

Luther JONES, Appellant,

v.

The Honorable Dolph BRISCOE, Governor of Texas, et al., Appellees.

No. 12457.

Court of Civil Appeals of Texas, Austin.

July 28, 1976.

Luther Jones, El Paso, and Matt Garcia, Jr., San Antonio, for appellant.

John L. Hill, Atty. Gen. of Texas, David M. Kendall, Jr., First Asst. Atty. Gen., Austin, for appellees.

SHANNON, Justice.

This is an appeal from the judgment of the district court of Travis County dismissing appellant's suit for permanent injunction. We will affirm that judgment.

Appellant is Luther Jones, a member of the House of Representatives. Appellees are Dolph Briscoe, Governor of Texas; John Poerner, Director of the Governor's Office of Education Resources; and Robert E. Johnson, Executive Director, Texas Legislative Council. By his suit appellant sought to enjoin appellees from entering into an Interagency Cooperation Contract allegedly pursuant to the mandate of Tex.Laws 1975, ch. 334, § 10, at 898.

Section 10 provides:

"Sec. 10. (a) The governor shall conduct a study to determine methods of allocating state funds to school districts which will insure that each student of this state has access to programs and services that are appropriate to his educational needs regardless of geographical

differences and varying local economic factors. The Lieutenant Governor, the Speaker of the House, and the Chairmen of the following committees: the Senate Finance Committee, the House Ways and Means Committee, the Senate Education Committee, and the House Public Education Committee, shall advise and consult on all aspects of the study.

"(b) The study shall include a determination of each school district's ability to support public education based on the value of taxable property in the district. The determination shall be made in accordance with the provisions of relevant Acts of the 64th Legislature, Regular Session. All records and property of the Legislative Property Tax Committee are hereby transferred to the governor to assist him in carrying out the study.

"(c) In conducting the study, the governor may require state agencies and school districts to submit any information deemed relevant to the purposes of the study. The Legislative Council and the Legislative Budget Board and all other state agencies shall cooperate with the governor's office in the conduct of the study.

. . . . .

"(e) There is hereby appropriated to the governor from the General Revenue Fund for the biennium ending August 31, 1977, the sum of $5,000,000 to carry out the provisions of this section."

. . . . .

Paragraph II of the Interagency Contract calls for the organization of a Property Tax Revision Committee to prepare a proposed revision of the property tax laws of Texas. By his suit appellant claimed that Section 10 does not contemplate the expenditure of money to prepare a proposed revision of the property tax laws, and being of that view, appellant claimed that the expenditure of such monies was a violation of Tex.Const. art. VIII, § 6. Section 6 provides in part that "No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law . . . ."

One basis for the judgment of dismissal was that appellant's suit was one against the State and that appellant did not allege that he obtained consent to sue the State.

■ The acts of officials which are not authorized are not acts of the State, and an action against those officials by one whose rights have been violated is not a suit against the State within the rule of immunity of the State from suit. *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709 (1945).

■ To the contrary, where the purpose of the suit against State officials is to control action of the State or subject it to liability, the suit is against the State and cannot be maintained without the consent of the Legislature. *Griffin v. Hawn,* 161 Tex. 422, 341 S.W.2d 151 (1960); *W. D. Haden Company v. Dodgen,* 158 Tex. 74, 308 S.W.2d 838 (1958); *Herring v. Houston National Exchange Bank,* 113 Tex. 264, 253 S.W. 813 (1923).

■ We are of the opinion that the judgment of dismissal was proper because appellant's suit was one to control the action of the State and was therefore barred by the doctrine of sovereign immunity.

Section 10 charged the Governor to conduct a study to determine the methods of allocating State funds to school districts which would insure that each student has access to an appropriate education regardless of geographical and economic differences. Section 10 also required that the Governor's study include a determination of the ability of each school district to support public education based on the value of taxable property in the district.

Section 10 does not detail how the Governor is to make the required study, but instead the formulation of the study is left to the Governor's discretion. In an effort to carry out the mandate of Section 10, the Governor entered into the contract with appellee Legislative Council for the Council to prepare a proposed revision of Texas property tax laws. We are of the view that the Governor's decision to enter into the

**230**

contract was an act authorized by Section 10(b).

The Governor's choice of the manner of implementing the study, pursuant to Section 10, is the act and decision of the State; and however perspicacious the Governor's decision may, or may not be, a suit to test its validity is a suit against the State which cannot be maintained without legislative permission. *W. D. Haden Company v. Dodgen, supra.*

The judgment is affirmed.

Affirmed.