**QUERNER TRUCK LINES, INC., Phillips Crane & Rigging of San Antonio, Inc., and Delmar Phillips, Appellants,**

v.

**The STATE of Texas, County of Bexar, and Ben B. Shaw, Appellees.**

Nos. 16605, 16606.

Court of Civil Appeals of Texas, San Antonio.

Nov. 19, 1980.

Rehearing Denied Dec. 31, 1980.

Thomas M. Thurmond and John E. Clark, Cobb, Thurmond, Bain & Clark, San Antonio, for Querner Truck Lines.

Gary Pinnell, San Antonio, for Phillips Crane & Rigging.

Thomas Goggan, Austin, Oliver Heard, Jr., San Antonio, for appellees.

OPINION

MURRAY, Justice.

This is an interlocutory appeal taken from an order of the 37th District Court of Bexar County, Texas, denying the appellants' application for temporary injunction. The appellants sought to restrain a threatened tax sale of their property which had been levied upon and seized by Ben B. Shaw, Tax Assessor-Collector of Bexar County, to collect personal property taxes allegedly due Bexar County and other taxing authorities. Prior to the seizure the tax assessor-collector had instituted suits against appellants for the collection of these taxes and the suits are still pending. The amount of taxes claimed by the collector to be owed by Phillips is $12,920.42 for the years 1972 through 1979, and for Querner, $17,642.98 for the years 1960 through 1979.

The district court denied the temporary injunction and both appellants have perfected their appeal from such order to this court. After hearing arguments, this court

granted the request for temporary injunctions pending the determination of the merits of this appeal.

The tax assessor-collector has seized appellants' property by authority of Article 7266 of the Texas Revised Civil Statutes, which provides in part as follows:

> If any person shall fail or refuse to pay the taxes imposed upon him or his property by law, until the first day of January next succeeding the return of the assessment roll of the county to the Comptroller, the tax collector shall, by virtue of his tax roll, seize and levy upon and sell so much personal property belonging to such person as may be sufficient to pay his taxes, together with all costs accruing thereon.

Tex.Rev.Civ.Stat.Ann. art. 7266 (Vernon 1960). Appellants contend that this statute is unconstitutional because it operates to effect a deprivation of property without due process of law. We agree.

This suit is an action to restrain the tax collector from performing certain functions prescribed by an invalid legislative enactment. Whether appellants are entitled to the relief they sought in the lower court rests solely on the validity of Article 7266. If it is valid, then it necessarily follows that the temporary injunction was rightfully denied by the trial court, for the official representatives of the state cannot be restrained from the performance of a duty placed upon them by valid statutory enactment.

Section 686 of 84 C.J.S. 1365 Taxation, states:

> Laws providing summary remedies for the collection of delinquent taxes are not open to constitutional objection because they dispense with some of the formalities of ordinary judicial procedure, or cut off technical defenses, or authorize the seizure of property first and a hearing afterward, provided the taxpayer is given an opportunity, at some stage of the proceedings and before his rights are finally cut off, to contest the validity of the tax or his liability with respect to it; but a statute directly in conflict with a constitutional provision is void.

84 C.J.S. 1365 Taxation § 686 (1954).

States' statutes providing for summary remedies for the collection of taxes have been upheld as constitutional where they provide an opportunity either before or after the seizure for the taxpayer to contest the validity of the tax or his liability with respect to it. Some of these states are: Florida (F.S.A. § 199.341); New York (Tax Law § 1139); Louisiana (L.R.S. 47:2108); California (West Annotated Revenue and Taxation Code § 42512); Ohio (Ohio Revised Code § 2723.01 and § 5703.052); and many others. With the exception of the State of Texas, we have been unable to find any state statute which fails to provide a method for a refund after seizure and sale.

Under Article 7266, the tax assessor-collector determines who is delinquent and collects the taxes by seizing their property and selling it. The taxpayer must then obtain legislative permission to sue the State before he may claim a refund. *Director of the Department of Agriculture and Environment v. Printing Industries Association of Texas*, 600 S.W.2d 264 (Tex. 1980); *Oxford v. Hill*, 558 S.W.2d 557 (Tex. Civ.App.—Austin 1977, writ ref'd); *Hopper v. Midland County*, 500 S.W.2d 552 (Tex. Civ.App.—El Paso 1973, writ ref'd n. r. e.). The Supreme Court of Texas in *Griffin v. Hawn*, 161 Tex. 422, 341 S.W.2d 151 (1960), stated, "Where the purpose of a proceeding against state officials is to control action of the State or subject it to liability, the suit is against the State and cannot be maintained without the consent of the Legislature." 341 S.W.2d at 152. The right of the taxpayer to a refund of money seized by the tax collector under Article 7266 would depend on his ability to persuade the legislature to give permission to sue.

No efficient and adequate remedy exists under Texas statutes for a taxpayer to contest, either before or after the seizure, and Article 7266 is therefore unconstitutional. *See, Phillips v. Commissioner*, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931) (summary seizure by Internal Revenue Service).

The judgment of the trial court is reversed with instructions to enter a temporary injunction pending a trial on the merits.