NO. 07-02-0164-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 23, 2002


______________________________



C.E.B.R. SERVICES, INC.




 Appellant


v.



PRECISION FLAMECUTTING AND STEEL, L.P




 Appellee

_________________________________



FROM THE COUNTY CIVIL COURT AT LAW NUMBER ONE OF HARRIS COUNTY



NO. 751,570; HON. BRADLEY S. UNDERWOOD, PRESIDING


_______________________________



Before QUINN, REAVIS, and JOHNSON, J.J.

 C.E.B.R. Services, Inc. filed a notice of appeal on March 20, 2002. However,
C.E.B.R. Services, Inc. did not pay the $125 filling fee required from appellants pursuant
to Texas Rule of Appellate Procedure 5. Nor did C.E.B.R. Services, Inc. file an affidavit
pursuant to Texas Rule of Appellate Procedure 20.1 relieving appellant of his duty to do
so. By letter from this Court dated April 9, 2002, we informed appellant that "[u]nless the
filing fee in the amount of $125.00 is paid . . . [the] appeal will be subject to dismissal. 
Tex. 

R. App. P. 42.3(c); See Holt v. F. F. Enterprises, 990 S.W.2d 756 (Tex. App.--Amarillo
1998, pet. ref'd.). 

 Due to appellant's failure to pay the filing fee, we dismiss the appeal pursuant to
Texas Rule of Appellate Procedure 42.3 (c). 

 

 Per Curiam

 

 

Do not publish. 



mp; Rem. Code Ann. § 14.003(a)-(b) (Vernon 2002). Brown appeals the dismissal. We
affirm the trial court's order.

 When an inmate files a lawsuit and an affidavit of inability to pay costs, the suit may
be dismissed if the court finds it is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.002. In determining whether a claim is frivolous or malicious, the court may consider
whether it has no arguable basis in law. Id., § 14.003(b)(2). Trial courts have broad
discretion to determine whether a case should be dismissed under Chapter 14. Retzlaff
v. Texas Dep't of Criminal Justice, 94 S.W.3d 650, 653 (Tex.App.-Houston [14th Dist.]
2002, pet. denied); Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex.App.-Tyler 1994,
no writ). We will not interfere with the exercise of that discretion absent proof the trial court
abused its discretion, acting arbitrarily or unreasonably in light of all the circumstances in
the case, without reference to any guiding rules and principles. Lewis v. Johnson, 97
S.W.3d 885, 886-87 (Tex.App.-Corpus Christi 2003, no pet.). 

 The Texas Department of Criminal Justice-Institutional Division is a governmental
unit of the State of Texas. See Tex. Civ. Prac. & Rem. Code Ann. §101.001(3)(A) (Vernon
Supp. 2004). In Texas, a governmental unit is immune from suit and liability unless the
State consents. Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003);
Tex. Dep't of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). Governmental
immunity from suit defeats a court's subject matter jurisdiction. Whitley, 104 S.W.3d at 542.
In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's
jurisdiction by alleging a valid waiver of immunity. Id. 

 Although appellant's petition does not specifically state whether his claims against
Islas and Wieck are brought in their individual or official capacities, it does identify them as
correctional officers and guards, and suggests the actions of which he complains were
taken in the course of their employment. Suits against government employees in their
official capacity are in fact claims against the government. Ware v. Miller, 82 S.W.3d 795,
800 (Tex.App.-Amarillo 2002, pet. denied); Friona Indep. Sch. Dist. v. King, 15 S.W.3d
653, 657 n.3 (Tex.App.-Amarillo 2000, no pet.). See Brandon v. Holt, 469 U.S. 464, 471
(1985). 

 Brown's claim of misuse of a State form and references to the Texas Tort Claims Act
indicate he is attempting to allege that the officers' use of tangible personal property caused
him personal injury, thereby placing his claim within the Tort Claims Act's waiver of the
State's immunity from suit. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon
1997). Although the paper on which a form is printed is tangible, Brown's claim that he lost
his postage stamps because State employees misused the form by failing to ensure that
it was completed correctly does not fall within the Tort Claims Act's waiver of immunity for
at least two reasons. First, the substance of Brown's complaint is that guards did not
witness the inventory of his property, permitting his stamps to be confiscated improperly. 
The loss of the stamps was not "caused by" the use of the tangible form. See University
of Tex. Med. Branch v. York, 871 S.W.2d 175, 178-79 (Tex. 1994); Russell v. Texas Dep't
of Human Resources, 746 S.W.2d 510, 513 (Tex.App.-Texarkana 1988, writ denied). 
Second, section 101.021(2) of the Tort Claims Act waives immunity with respect to claims
for personal injury and death. Brown's complaint involves loss of property.

 To the extent Brown's complaint simply seeks recovery for the confiscation of his
stamps, we note that this court, among others, has applied the doctrine of de minimis non
curiat lex to affirm the dismissal as frivolous of suits brought by inmates over the claimed
confiscation by prison employees of property having insignificant value. See Hammonds
v. Camp, 2004 WL 769373, at *2 (Tex.App.-Amarillo April 12, 2004, no pet.); Smith v.
Velasquez, 1995 WL 217206, at *3 (Tex.App.-Houston [1st Dist.] April 13, 1995, writ
denied), cert. denied, 516 U.S. 1054, 116 S. Ct. 725, 133 L. Ed. 2d 677 (1996); Smith v.
Stevens, 822 S.W.2d 152 (Tex.App.-Houston [1st Dist.] 1991, writ denied). See also
Thompson v. Mannix, 814 S.W.2d 811, 812 (Tex.App.-Waco 1991, no writ) (finding trial
court could have invoked doctrine). 

 Further, where the purpose of a proceeding against state officials is to control an
action of the State or subject it to liability, it is a suit against the State within the rule of
immunity of the State from suit. Griffin v. Hawn, 161 Tex. 422, 424, 341 S.W.2d 151, 152
(1960). The trial court reasonably could have concluded that Brown's claims asserted
against the director of the TDCJ, complaining of her failure to adopt or implement policies
and procedures, fall in that category. There is nothing in Brown's pleadings to indicate that
a waiver of immunity or legislative consent applies to his complaint against the director. See
generally Tex. Civ. Prac. & Rem. Code Ann. § 107.001-.002. Without a waiver of immunity
or legislative consent, the trial court lacked subject matter jurisdiction to hear the suit and
did not abuse its discretion in dismissing it. 

 Finding the trial court's dismissal of appellant's suit was not an abuse of its
discretion, we affirm its order.


 James T. Campbell

 Justice