NO. 07-03-0139-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 21, 2005

_____


MICHAEL W. BROWN, APPELLANT

V.

JANIE COCKRELL, ET AL., APPELLEE


_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 90,609-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Michael W. Brown, a prison inmate acting *pro se*, filed a complaint alleging that Ninfa Islas, an employee of the Texas Department of Criminal Justice, wrongfully confiscated and converted postage stamps belonging to Brown having a value of $15.13, and further alleging that Islas and Chris Wieck, also a TDCJ employee, misused a State form by not ensuring that two correctional guards witnessed the inventorying of his

property. Brown's complaint also names Janie Cockrell, Director of the Texas Department of Criminal Justice, alleging she has failed to provide a procedure whereby prisoners can gather evidence to substantiate claims against prison guards. With the complaint, Brown filed an affidavit of inability to pay costs. The trial court dismissed the suit before service of process pursuant to Chapter 14 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)-(b) (Vernon 2002). Brown appeals the dismissal. We affirm the trial court's order.

When an inmate files a lawsuit and an affidavit of inability to pay costs, the suit may be dismissed if the court finds it is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.002. In determining whether a claim is frivolous or malicious, the court may consider whether it has no arguable basis in law. *Id.*, § 14.003(b)(2). Trial courts have broad discretion to determine whether a case should be dismissed under Chapter 14. *Retzlaff v. Texas Dep't of Criminal Justice,* 94 S.W.3d 650, 653 (Tex.App.–Houston [14th Dist.] 2002, pet. denied); *Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex.App.–Tyler 1994, no writ). We will not interfere with the exercise of that discretion absent proof the trial court abused its discretion, acting arbitrarily or unreasonably in light of all the circumstances in the case, without reference to any guiding rules and principles. *Lewis v. Johnson*, 97 S.W.3d 885, 886-87 (Tex.App.–Corpus Christi 2003, no pet.).

The Texas Department of Criminal Justice–Institutional Division is a governmental unit of the State of Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. §101.001(3)(A) (Vernon Supp. 2004). In Texas, a governmental unit is immune from suit and liability unless the State consents. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003);

*Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Governmental immunity from suit defeats a court's subject matter jurisdiction. *Whitley*, 104 S.W.3d at 542. In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Id.*

Although appellant's petition does not specifically state whether his claims against Islas and Wieck are brought in their individual or official capacities, it does identify them as correctional officers and guards, and suggests the actions of which he complains were taken in the course of their employment. Suits against government employees in their official capacity are in fact claims against the government. *Ware v. Miller*, 82 S.W.3d 795, 800 (Tex.App.–Amarillo 2002, pet. denied); *Friona Indep. Sch. Dist. v. King*, 15 S.W.3d 653, 657 n.3 (Tex.App.–Amarillo 2000, no pet.). *See Brandon v. Holt*, 469 U.S. 464, 471 (1985).

Brown's claim of misuse of a State form and references to the Texas Tort Claims Act indicate he is attempting to allege that the officers' use of tangible personal property caused him personal injury, thereby placing his claim within the Tort Claims Act's waiver of the State's immunity from suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 1997). Although the paper on which a form is printed is tangible, Brown's claim that he lost his postage stamps because State employees misused the form by failing to ensure that it was completed correctly does not fall within the Tort Claims Act's waiver of immunity for at least two reasons. First, the substance of Brown's complaint is that guards did not witness the inventory of his property, permitting his stamps to be confiscated improperly. The loss of the stamps was not "caused by" the use of the tangible form. See *University*

*of Tex. Med. Branch v. York*, 871 S.W.2d 175, 178-79 (Tex. 1994*); Russell v. Texas Dep't of Human Resources*, 746 S.W.2d 510, 513 (Tex.App.–Texarkana 1988, writ denied). Second, section 101.021(2) of the Tort Claims Act waives immunity with respect to claims for personal injury and death. Brown's complaint involves loss of property.

To the extent Brown's complaint simply seeks recovery for the confiscation of his stamps, we note that this court, among others, has applied the doctrine of *de minimis non curiat lex* to affirm the dismissal as frivolous of suits brought by inmates over the claimed confiscation by prison employees of property having insignificant value. *See Hammonds v. Camp*, 2004 WL 769373, at *2 (Tex.App.–Amarillo April 12, 2004, no pet.); *Smith v. Velasquez*, 1995 WL 217206, at *3 (Tex.App.–Houston [1st Dist.] April 13, 1995, writ denied), *cert. denied*, 516 U.S. 1054, 116 S. Ct. 725, 133 L. Ed. 2d 677 (1996); *Smith v. Stevens*, 822 S.W.2d 152 (Tex.App.–Houston [1st Dist.] 1991, writ denied). *See also Thompson v. Mannix*, 814 S.W.2d 811, 812 (Tex.App.–Waco 1991, no writ) (finding trial court could have invoked doctrine).

Further, where the purpose of a proceeding against state officials is to control an action of the State or subject it to liability, it is a suit against the State within the rule of immunity of the State from suit. *Griffin v. Hawn*, 161 Tex. 422, 424, 341 S.W.2d 151, 152 (1960). The trial court reasonably could have concluded that Brown's claims asserted against the director of the TDCJ, complaining of her failure to adopt or implement policies and procedures, fall in that category. There is nothing in Brown's pleadings to indicate that a waiver of immunity or legislative consent applies to his complaint against the director. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 107.001-.002. Without a waiver of immunity

-4-

or legislative consent, the trial court lacked subject matter jurisdiction to hear the suit and did not abuse its discretion in dismissing it.

Finding the trial court's dismissal of appellant's suit was not an abuse of its discretion, we affirm its order.

James T. Campbell
Justice