NO. 07-03-0239-CV


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 14, 2005



______________________________



DAVIE HARRISON, APPELLANT



V.



TDCJ-TDCJID AND AGENTS, SERVANTS


AND EMPLOYEES AND COUNTY OF POTTER, APPELLEES


_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 33,023; HONORABLE LEE WATERS, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Davie Harrison, a prison inmate acting pro se, filed a complaint alleging
that he was injured and threatened by L. Delfierro, an employee of the Clements Unit of the
Texas Department of Criminal Justice (TDCJ). Appellant's complaint also named Warden
Price, Assistant Warden Joe Nunn, Major Barry Martin, and Captain Beach all employees
of the Jordan Unit of the TDCJ. Other named defendants were B. Bauer, identified as
being from the "Office of the Inspector General Investigations Division" and Kellie Ward,
identified as a grievance supervisor in Huntsville, Texas. Appellant named Jerry Neal,
Amarillo Chief of Police, and Amarillo Mayor Trent Sisemore, Potter County Sheriff Mike
Shumate and the Potter County Commissioners as defendants. (1) With the complaint,
Appellant filed an affidavit of inability to pay costs. The trial court dismissed the suit before
service of process pursuant to Chapter 14 of the Civil Practice and Remedies Code. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)-(b) (Vernon 2002). Appellant appeals the
dismissal. We affirm the trial court's order. 

 Appellant complains of incidents that occurred when he was transferred from the
Jordan Unit in Pampa, Texas, to the Clements Unit located near Amarillo. Appellant was
in transit to the Montford Unit in Lubbock for medical evaluation. The first incident occurred
while he was being processed into the Clements Unit. He claims that an officer ordered him
to empty his shirt pocket. According to appellant, when he reached to retrieve his
identification card and a bottle of nitroglycerin pills, the officer knocked appellant's hand
down. Appellant had the bottle of pills in his hand as the officer removed the identification
card that remained in appellant's pocket. Appellant alleges that the officer accused him of
assault and ordered him handcuffed. He complains of injuries from the handcuffs and a fall
that occurred when he was pushed into a cell. Appellant alleges that his medication was
taken from him and thrown in the trash. He further alleges he suffered extreme emotional
distress. 


 The complaints against employees of the Jordan Unit arise from events that
allegedly occurred after appellant filed a grievance regarding the occurrences at the
Clements Unit. Appellant complains that he was threatened with retaliation and brought
before a prison disciplinary committee. Appellant asserts he was not given notice of the
hearing and was denied the opportunity to call witnesses to testify on his behalf. 

 As relief, appellant's pleadings requested "liberty, 25% of the total amount of
$300,000," and expunction of his criminal record "in exchange to drop this suit." 

 When an inmate files a lawsuit and an affidavit of inability to pay costs, the suit may
be dismissed if the court finds it is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.002. In determining whether a claim is frivolous or malicious, the court may consider
whether it has no arguable basis in law. Id. § 14.003(b)(2). Trial courts have broad
discretion to determine whether a case should be dismissed under Chapter 14. Retzlaff
v. Texas Dep't of Criminal Justice, 94 S.W.3d 650, 653 (Tex.App.-Houston [14th Dist.]
2002, pet. denied); Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex.App.-Tyler 1994,
no writ). We will not interfere with the exercise of that discretion absent proof the trial court
abused its discretion, acting arbitrarily or unreasonably in light of all the circumstances in
the case, without reference to any guiding rules and principles. Lewis v. Johnson, 97
S.W.3d 885, 886-87 (Tex.App.-Corpus Christi 2003, no pet.). 

 Appellant's pleadings provide no legal basis for the trial court to order a change in
appellant's confinement or to order expunction of his criminal record "in exchange" for
dropping the suit. These claims were properly dismissed as having no basis in law. We
address further only appellant's claim for damages for the alleged misconduct of TDCJ
employees and officials of the City of Amarillo and Potter County. 

 The Texas Department of Criminal Justice is a governmental unit of the State of
Texas. See Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(A) (Vernon 2005). In Texas,
a governmental unit is immune from suit and liability unless the State consents. Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003); Texas Dep't of Criminal
Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). Governmental immunity from suit defeats
a court's subject matter jurisdiction. Whitley, 104 S.W.3d at 542. In a suit against a
governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by
alleging a valid waiver of immunity. Id. To waive the State's sovereign immunity, a statute
or resolution must contain a clear and unambiguous expression of the Legislature's waiver
of immunity. See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003). 

 Suits against government employees in their official capacity (2) are in fact claims
against the government. Ware v. Miller, 82 S.W.3d 795, 800 (Tex.App.-Amarillo 2002, pet.
denied); Friona Indep. Sch. Dist. v. King, 15 S.W.3d 653, 657 n.3 (Tex.App.-Amarillo 2000,
no pet.). See Brandon v. Holt, 469 U.S. 464, 471, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878
(1985). 

 On appeal, appellant argues his pleadings asserted claims arising from the
employees' failure to follow Department regulations, the failure of medical personnel to
examine his injuries, to replace his nitroglycerine tablets, and to take photographs,
employees' failure to call supervisors, and their failure to use a video camera. He further
argues his suit alleged a cause of action for the negligent misuse of medical and other
records, and a cause of action for malicious prosecution, arising from the disciplinary action
taken against him. Allegations of non-use of tangible personal property are not within the
statutory waiver of the Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2)
(Vernon 2005). See, e.g., Texas Dep't of Criminal Justice v. Miller, 51 S.W.3d 583, 587-88
(Tex. 2001); Texas Natural Resource Conservation Comm'n v. White, 46 S.W.3d 864, 869
(Tex. 2001); University of Tex. Med. Branch v. York, 871 S.W.2d 175, 178-79 (Tex. 1994). 
See also Cherry v. Texas Dep't of Criminal Justice, 978 S.W.2d 240, 242-43
(Tex.App.-Texarkana 1998, no pet.). Nor does the Tort Claims Act waive a governmental
unit's immunity from suits alleging the failure to follow its policies and procedures, or those
alleging malicious prosecution by its agents acting in their official capacity. 

 Further, where the purpose of a proceeding against state officials is to control an
action of the State or subject it to liability, it is a suit against the State within the rule of
immunity of the State from suit. Griffin v. Hawn, 161 Tex. 422, 424, 341 S.W.2d 151, 152
(1960). Based on his contentions on appeal, we must conclude the trial court reasonably
could have decided that all appellant's claims against the employees of TDCJ asserting
damages under state law are barred by the State's immunity from suit. 

 Appellant's brief alleges he has a tort claim for retaliation under the Eighth
Amendment to the United States Constitution and 42 U.S.C.A. § 1983. Section 1983
provides a remedy when any "person" acting under color of state law deprives another of
rights, privileges, or immunities protected by the United States Constitution or laws. 42
U.S.C.A. § 1983 (West 2003). See Thomas v. Collins, 960 S.W.2d 106, 109
(Tex.App.-Houston [1st Dist.] 1997, writ denied). Neither a state nor its officials acting in
their official capacities are "persons" under section 1983. Will v. Michigan Dep't of State
Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). Appellant's claims
against the employees pursuant to 42 U.S.C.A. § 1983 therefore must fail.

 Appellant's tort and Eighth Amendment complaints against Amarillo's chief of police
and mayor, and Potter County's sheriff and commissioners, are based on his assertions
that Potter County provided inadequate training of officers. Appellant's pleadings fail to
establish a connection between his complaints and the City of Amarillo, Potter County, or
their employees. That some of the incidents occurred at the Clements Unit located in
Potter County is not material since the Clements Unit is operated and staffed by the Texas
Department of Criminal Justice. Those claims were properly dismissed as having no basis
in law.

 Appellant also asserted claims in the trial court based on other constitutional and
statutory provisions. Appellant's brief does not contend the trial court abused its discretion
by dismissing those claims, nor does the brief contain any argument or authority regarding
them. He has waived them on appeal. Generally, we may not reverse a trial court's
judgment absent properly assigned error. Pat Baker Co., Inc. v. Wilson, 971 S.W.2d 447,
450 (Tex. 1998) (per curiam). The Texas Rules of Appellate Procedure apply with equal
force to pro se litigants and licensed attorneys. Greenstreet v. Heiskell, 940 S.W.2d 831,
834 (Tex.App.-Amarillo 1997, no writ). Those rules require an appellant's brief to contain
a clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record. Tex. R. App. P. 38.1(h). Appellate issues are waived when
an appellant's brief contains no citation to authority or substantive discussion of how the
trial court erred. See Knie v. Piskun, 23 S.W.3d 455, 460 (Tex.App.-Amarillo 2000, pet.
denied). 

 In his brief on appeal, appellant also asserts the liability of the defendants under
statutes not mentioned in his pleadings in the trial court. Review of issues on appeal is
limited to those asserted in the trial court. Tex. R. App. P. 33.1. See In re Vega, 10 S.W.3d
720, 722 (Tex.App.-Amarillo 1999, no pet.).

 Finding the trial court's dismissal of appellant's suit was not an abuse of its
discretion, we affirm its order. 


 James T. Campbell

 Justice

1. 
 " " '
 
 
2. Language in appellant's trial court pleadings indicates he sued at least some
defendants in their individual capacities. As we understand appellant's brief in this court,
however, his contention here is that the State employees, although sometimes acting
contrary to TDCJ policy, were acting in their capacity as government employees.