NO. 07-03-0239-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 14, 2005

_____

DAVIE HARRISON, APPELLANT

V.

TDCJ-TDCJID AND AGENTS, SERVANTS
AND EMPLOYEES AND COUNTY OF POTTER, APPELLEES

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 33,023; HONORABLE LEE WATERS, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Davie Harrison, a prison inmate acting pro se, filed a complaint alleging that he was injured and threatened by L. Delfierro, an employee of the Clements Unit of the Texas Department of Criminal Justice (TDCJ). Appellant's complaint also named Warden Price, Assistant Warden Joe Nunn, Major Barry Martin, and Captain Beach all employees of the Jordan Unit of the TDCJ. Other named defendants were B. Bauer, identified as being from the "Office of the Inspector General Investigations Division" and Kellie Ward, identified as a grievance supervisor in Huntsville, Texas. Appellant named Jerry Neal,

Amarillo Chief of Police, and Amarillo Mayor Trent Sisemore, Potter County Sheriff Mike Shumate and the Potter County Commissioners as defendants.[1] With the complaint, Appellant filed an affidavit of inability to pay costs. The trial court dismissed the suit before service of process pursuant to Chapter 14 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)-(b) (Vernon 2002). Appellant appeals the dismissal. We affirm the trial court's order.

Appellant complains of incidents that occurred when he was transferred from the Jordan Unit in Pampa, Texas, to the Clements Unit located near Amarillo. Appellant was in transit to the Montford Unit in Lubbock for medical evaluation. The first incident occurred while he was being processed into the Clements Unit. He claims that an officer ordered him to empty his shirt pocket. According to appellant, when he reached to retrieve his identification card and a bottle of nitroglycerin pills, the officer knocked appellant's hand down. Appellant had the bottle of pills in his hand as the officer removed the identification card that remained in appellant's pocket. Appellant alleges that the officer accused him of assault and ordered him handcuffed. He complains of injuries from the handcuffs and a fall that occurred when he was pushed into a cell. Appellant alleges that his medication was taken from him and thrown in the trash. He further alleges he suffered extreme emotional distress.

---

[1]Appellant attempted to add Major F. Pohlmeier in his individual capacity as a defendant in a second "original petition" filed May 5, 2005, with the trial court. Appellant's petition failed to state how Major Pohlmeier was involved or what claims were asserted against him.

The complaints against employees of the Jordan Unit arise from events that allegedly occurred after appellant filed a grievance regarding the occurrences at the Clements Unit. Appellant complains that he was threatened with retaliation and brought before a prison disciplinary committee. Appellant asserts he was not given notice of the hearing and was denied the opportunity to call witnesses to testify on his behalf.

As relief, appellant's pleadings requested "liberty, 25% of the total amount of $300,000," and expunction of his criminal record "in exchange to drop this suit."

When an inmate files a lawsuit and an affidavit of inability to pay costs, the suit may be dismissed if the court finds it is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.002. In determining whether a claim is frivolous or malicious, the court may consider whether it has no arguable basis in law. *Id.* § 14.003(b)(2). Trial courts have broad discretion to determine whether a case should be dismissed under Chapter 14. *Retzlaff v. Texas Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex.App.–Houston [14th Dist.] 2002, pet. denied); *Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex.App.–Tyler 1994, no writ). We will not interfere with the exercise of that discretion absent proof the trial court abused its discretion, acting arbitrarily or unreasonably in light of all the circumstances in the case, without reference to any guiding rules and principles. *Lewis v. Johnson*, 97 S.W.3d 885, 886-87 (Tex.App.–Corpus Christi 2003, no pet.).

Appellant's pleadings provide no legal basis for the trial court to order a change in appellant's confinement or to order expunction of his criminal record "in exchange" for dropping the suit. These claims were properly dismissed as having no basis in law. We

3

address further only appellant's claim for damages for the alleged misconduct of TDCJ employees and officials of the City of Amarillo and Potter County.

The Texas Department of Criminal Justice is a governmental unit of the State of Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(A) (Vernon 2005). In Texas, a governmental unit is immune from suit and liability unless the State consents. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *Texas Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Governmental immunity from suit defeats a court's subject matter jurisdiction. *Whitley*, 104 S.W.3d at 542. In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Id.* To waive the State's sovereign immunity, a statute or resolution must contain a clear and unambiguous expression of the Legislature's waiver of immunity. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003).

Suits against government employees in their official capacity[2] are in fact claims against the government. *Ware v. Miller*, 82 S.W.3d 795, 800 (Tex.App.–Amarillo 2002, pet. denied); *Friona Indep. Sch. Dist. v. King*, 15 S.W.3d 653, 657 n.3 (Tex.App.–Amarillo 2000, no pet.). *See Brandon v. Holt*, 469 U.S. 464, 471, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878 (1985).

---

[2]Language in appellant's trial court pleadings indicates he sued at least some defendants in their individual capacities. As we understand appellant's brief in this court, however, his contention here is that the State employees, although sometimes acting contrary to TDCJ policy, were acting in their capacity as government employees.

On appeal, appellant argues his pleadings asserted claims arising from the employees' failure to follow Department regulations, the failure of medical personnel to examine his injuries, to replace his nitroglycerine tablets, and to take photographs, employees' failure to call supervisors, and their failure to use a video camera. He further argues his suit alleged a cause of action for the negligent misuse of medical and other records, and a cause of action for malicious prosecution, arising from the disciplinary action taken against him. Allegations of non-use of tangible personal property are not within the statutory waiver of the Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005). *See, e.g., Texas Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587-88 (Tex. 2001); *Texas Natural Resource Conservation Comm'n v. White*, 46 S.W.3d 864, 869 (Tex. 2001); *University of Tex. Med. Branch v. York*, 871 S.W.2d 175, 178-79 (Tex. 1994). *See also Cherry v. Texas Dep't of Criminal Justice*, 978 S.W.2d 240, 242-43 (Tex.App.–Texarkana 1998, no pet.). Nor does the Tort Claims Act waive a governmental unit's immunity from suits alleging the failure to follow its policies and procedures, or those alleging malicious prosecution by its agents acting in their official capacity.

Further, where the purpose of a proceeding against state officials is to control an action of the State or subject it to liability, it is a suit against the State within the rule of immunity of the State from suit. *Griffin v. Hawn*, 161 Tex. 422, 424, 341 S.W.2d 151, 152 (1960). Based on his contentions on appeal, we must conclude the trial court reasonably could have decided that all appellant's claims against the employees of TDCJ asserting damages under state law are barred by the State's immunity from suit.

Appellant's brief alleges he has a tort claim for retaliation under the Eighth Amendment to the United States Constitution and 42 U.S.C.A. § 1983. Section 1983 provides a remedy when any "person" acting under color of state law deprives another of rights, privileges, or immunities protected by the United States Constitution or laws. 42 U.S.C.A. § 1983 (West 2003). *See Thomas v. Collins*, 960 S.W.2d 106, 109 (Tex.App.–Houston [1st Dist.] 1997, writ denied). Neither a state nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). Appellant's claims against the employees pursuant to 42 U.S.C.A. § 1983 therefore must fail.

Appellant's tort and Eighth Amendment complaints against Amarillo's chief of police and mayor, and Potter County's sheriff and commissioners, are based on his assertions that Potter County provided inadequate training of officers. Appellant's pleadings fail to establish a connection between his complaints and the City of Amarillo, Potter County, or their employees. That some of the incidents occurred at the Clements Unit located in Potter County is not material since the Clements Unit is operated and staffed by the Texas Department of Criminal Justice. Those claims were properly dismissed as having no basis in law.

Appellant also asserted claims in the trial court based on other constitutional and statutory provisions. Appellant's brief does not contend the trial court abused its discretion by dismissing those claims, nor does the brief contain any argument or authority regarding them. He has waived them on appeal. Generally, we may not reverse a trial court's judgment absent properly assigned error. *Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447,

6

450 (Tex. 1998) (per curiam). The Texas Rules of Appellate Procedure apply with equal force to pro se litigants and licensed attorneys. *Greenstreet v. Heiskell*, 940 S.W.2d 831, 834 (Tex.App.–Amarillo 1997, no writ). Those rules require an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). Appellate issues are waived when an appellant's brief contains no citation to authority or substantive discussion of how the trial court erred. *See Knie v. Piskun*, 23 S.W.3d 455, 460 (Tex.App.–Amarillo 2000, pet. denied).

In his brief on appeal, appellant also asserts the liability of the defendants under statutes not mentioned in his pleadings in the trial court. Review of issues on appeal is limited to those asserted in the trial court. Tex. R. App. P. 33.1. *See In re Vega*, 10 S.W.3d 720, 722 (Tex.App.–Amarillo 1999, no pet.).

Finding the trial court's dismissal of appellant's suit was not an abuse of its discretion, we affirm its order.


James T. Campbell
Justice


7