**Jerry L. VEST and Beverly Vest, Appellants,**

v.

**GULF INSURANCE COMPANY, Appellee.**

**No. 05-90-00945-CV.**

Court of Appeals of Texas, Dallas.

March 21, 1991.

Rehearing Denied May 2, 1991.

Michael Sloan, McKinney, for appellants.

David J. Schubert, Aaron L. Mitchell, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and BURNETT, JJ.

## OPINION

BURNETT, Justice.

Jerry L. Vest and Beverly Vest appeal the summary judgment rendered in favor of Gulf Insurance Company in this breach of contract action. In two points of error, the Vests contend that the trial court erred when it granted Gulf's motion for summary judgment and when it failed to grant their motion for summary judgment. We overrule both points of error. We affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

A fire destroyed the Vests' home and its contents. Gulf paid the policy limits on both the house and its contents under its policy with the Vests. The actual damages sustained by the Vests because of the total loss of their home and its contents exceeded the policy limits. Because of language in the policy, which sets forth various damage measures, the Vests demanded that Gulf pay their actual damages. Gulf refused. The Vests filed suit alleging breach of contract and sought a declaratory judg-ment to determine the rights of the parties under the policy. Both parties moved for summary judgment. The trial court granted Gulf's summary judgment. The court found that the policy was unambiguous as a matter of law and that Gulf had fulfilled its obligations under the policy.

## SUMMARY JUDGMENT

In two points of error, the Vests contend that the trial court erred when it granted Gulf's motion for summary judgment and when it failed to grant their motion for summary judgment. They argue that the policy is ambiguous as to the measurement of damages. They claim Gulf failed to establish that it paid the entire amount due them under the policy. Further, the Vests argue that because of the ambiguity they established as a matter of law their right to the actual damages sustained as a result of the loss of their home and its contents.

Summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

Under rule 166a, both plaintiff and defendant may simultaneously move for summary judgment. When both parties move for summary judgment, each party must carry its own burden, and neither can prevail because of the failure of the other to discharge its burden. *Cove Inv., Inc. v. Manges,* 602 S.W.2d 512, 514 (Tex. 1980). To prevail on a summary judgment, a plaintiff must conclusively prove all of the elements of the cause of action as a matter of law. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); TEX.R.CIV.P. 166a. To establish their right to summary judgment, the Vests needed to prove that

there was no genuine issue of material fact that Gulf owed them the entire amount of their actual damages, without limitation, as a matter of law. In contrast, a defendant as movant must either (1) disprove at least one element of each of plaintiff's theories of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). To establish its right to summary judgment, Gulf had to plead and conclusively establish that it fulfilled its obligations under the policy and that its liability is restricted to the amounts stated in the policy, thereby rebutting the Vests' cause of action. Since both parties moved for summary judgment, this Court considers all evidence accompanying both motions in determining whether to grant either party's motion. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 401 (1958).

### *Rules of Construction*

██ The rules of construction that control contracts also control insurance policies. *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex.1987). The question of whether an insurance provision is ambiguous is a question of law for the court to decide. *Coker v. Coker*, 650 S.W.2d 391, 393–94 (Tex.1983). An insurance provision is ambiguous when it is susceptible to two or more inconsistent interpretations, both of which are fair and reasonable. *Entzminger v. Provident Life & Accident Ins. Co.*, 652 S.W.2d 533, 535 (Tex.App.—Houston [1st Dist.] 1983, no writ). The court will interpret and liberally construe insurance policies in favor of the insured and strictly against the insurer, especially when dealing with exceptions and words of limitation. *Kelly Assoc. v. Aetna Cas. & Sur. Co.*, 681 S.W.2d 593, 596 (Tex.1984). However, this rule applies only when an ambiguity exists in the policy. Courts should not strain to find an ambiguity, if, in doing so, they defeat the probable intentions of the parties, even though the insured may suffer an apparent harsh result as a consequence. Courts attempt to construe a contract so as to avoid rendering any of its terms meaningless. *Yancey v. Floyd West & Co.*, 755 S.W.2d 914, 918 (Tex.App.—Fort Worth 1988, writ denied).

### *The Vests' Insurance Policy*

██ The Vests' insurance policy provided in pertinent part:

| LIMITS OF LIABILITY | COVERAGES |
|---|---|
| $58,000 | A Dwelling |
| $34,000 | B Unscheduled Personal Property |

....

#### HOMEOWNERS BROAD FORM SECTION 1—PROPERTY SECTION

... Unless otherwise provided, this insurance shall apply only at the premises of the dwelling described on Page 1, and *liability of the Company shall not exceed: the specified Limits of Liability; nor, the actual cash value of the property at the time of loss ascertained with proper deduction for depreciation; nor, the amount it would cost to repair or replace the property with like kind and quality, with proper deduction for depreciation, within a reasonable time after the loss without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair; nor shall it exceed the interest of the Insured.*

....

#### EXTENSIONS OF COVERAGE

REPLACEMENT COST COVERAGE— If at the time of loss the Limit of Liability applicable to the described dwelling is 80% or more of the full replacement cost of said dwelling, *the coverage of the policy applicable to the building structure suffering loss is extended to include the full cost of repair or replacement (without deduction for depreciation).*

If at the time of loss the Limit of Liability applicable to the described dwelling is less than 80% of the full replacement cost of such described dwelling, the Company shall be liable for that proportion of the full cost of repair or replacement

(without deduction for depreciation) of that part of the building damaged or destroyed which the Limit of Liability applicable to the described dwelling bears to 80% of the full replacement cost of said described dwelling.

In no event shall the Company's liability be less than its liability under the terms and conditions of this policy disregarding this replacement cost coverage.

. . . .

*If the Insured elects to make claim under this replacement cost coverage, the Company shall not be liable for more than the amount actually and necessarily expended in repairing or replacing such building structure damaged or destroyed or any part thereof with like kind and quality of material with such building and on the same premises and intended for the same use and occupancy, and in no event shall the Company be liable beyond the Limit of Liability of this policy applicable to the damaged or destroyed building structure(s).*

. . . .

### REPLACEMENT COST ENDORSEMENT COVERAGE B—UNSCHEDULED PERSONAL PROPERTY

In consideration of an included additional premium it is agreed the policy is amended as follows:

1. With respect only to Section 1—Coverage B—Unscheduled Personal Property *the liability of the company shall not exceed: The specified limits of liability; nor the replacement cost at the time of loss; nor the amount it would cost to repair or replace the property with material of like kind and quality within a reasonable time after the loss; nor, for more than 400% of the actual cash value at time of loss—nor shall it exceed the interest of the insured.*

. . . .

(Emphasis added.) The Vests argue that, because their policy provided multiple provisions addressing Gulf's limit of liability, the policy was ambiguous and, therefore, they were entitled to choose which limit applied to them, citing *Commonwealth Lloyd's Ins. Co. v. Thomas*, 678 S.W.2d 278 (Tex.App.—Fort Worth 1984, writ ref'd n.r. e.). Specifically, the Vests claim they have a right to recover their actual damages sustained as a result of the loss of their home and its contents and are not limited by the amount of liability set forth in the policy.

The Vests misplace their reliance on *Thomas*. In *Thomas*, the court dealt with the interpretation of an almost identical provision as the one in the Vests' policy addressing unscheduled personal property. However, in *Thomas* although the insureds contended that they were entitled to elect among the various damage measures, they did not claim entitlement to damages beyond the policy limits. *Thomas*, 678 S.W.2d at 291–93. Insurance coverage seeks to indemnify the insured up to the amount of the policy, the objective being that the insured should neither reap economic gain nor incur a loss if adequately insured. *Crisp v. Security Nat'l Ins. Co.*, 369 S.W.2d 326, 328 (Tex.1963). Each of the provisions the Vests cite as being ambiguous clearly state that no matter which damage measure is used, Gulf's liability shall not exceed the limits of liability as set forth in the policy. To adopt the interpretation urged by the Vests would render these limitations of liability as well as the stated policy limits themselves meaningless. Further, their interpretation would allow them to reap an economic gain because of their failure to obtain adequate insurance. Although the Vests had a right to choose among the various damage measures and to be compensated for their loss, they, nonetheless, remained limited by the stated policy liability limits.

### Conclusion

Gulf's summary judgment evidence established that it fulfilled its obligations under the policy when it paid the Vests the stated policy liability limits as to both their house and its contents. On the other hand, the Vests' summary judgment evidence failed to establish that the cited policy provisions were ambiguous or that they were

entitled to recover more than the stated policy limits. Because the court correctly granted Gulf summary judgment, we overrule both of the Vests' points of error.

We affirm the trial court's judgment.