NO. 07-02-0090-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



OCTOBER 7, 2002



______________________________




JACK A. SMITH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A13501-9908; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Pursuant to a plea of guilty, appellant Jack A. Smith was convicted of driving while
intoxicated, third or more, enhanced, and punishment was assessed at ten years
confinement and a $1,000 fine. However, the period of confinement was suspended and
appellant was placed on community supervision for five years. Upon the State's
application, community supervision was revoked for violations of the terms and conditions
thereof, and the original punishment of ten years confinement was imposed. In presenting
this appeal, counsel has filed an Anders (1) brief in support of a motion to withdraw. Based
upon the rationale expressed herein, the motion to withdraw is granted and the judgment
is affirmed.

 In support of his motion to withdraw, counsel has certified that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has
diligently reviewed the record and, in his opinion, the record reflects no meritorious ground
on which an appeal can be predicated. Thus, he concludes the appeal is frivolous and
without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978),
counsel has candidly discussed why, under the controlling authorities, there is no error in
the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant,
and informed appellant that, in counsel's view, the appeal is without merit. In addition,
counsel has demonstrated that he notified appellant of his right to review the record and
file a pro se brief. Appellant did not file a pro se brief and the State did not favor us with
a brief.

 On March 13, 2000, appellant was convicted of driving while intoxicated, third or
more, enhanced, and punishment was assessed at ten years confinement and a $1,000
fine, suspended for five years. On May 30, 2001, the State filed an application to revoke
community supervision alleging that appellant had violated the conditions thereof by failing
to (1) report as directed for the months of March, April, and May 2001; (2) pay court costs
for the months of April and May 2001; (3) perform community service; (4) attend and
complete a community correction program; and (5) attend Alcoholics Anonymous. At the
hearing on the State's application, appellant pled true and after hearing evidence of the
alleged violations, the trial court revoked community supervision and imposed the original
sentence. In addition, there had been a prior motion to revoke filed, to which appellant
also pled true, at which time the community supervision was continued until such time as
the State file the motion to revoke which is the subject of this appeal.

 Appellate review of a revocation order is limited to determining whether the trial
court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984);
Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding,
the State must prove by a preponderance of the evidence that appellant violated a
condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851
S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial
court abuses its discretion in revoking community supervision. Cardona, 665 S.W.2d at
494. In determining the sufficiency of the evidence to sustain a revocation, we view the
evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d
419, 421 (Tex.Cr.App. 1979). Moreover, when more than one violation is found by the trial
court, the revocation order shall be affirmed if one sufficient ground supports it. Moore v.
State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); McCollum v. State, 784 S.W.2d 702, 704-
05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd). Here, the plea of true to the
allegations in the motion to revoke along with the evidence stipulations entered into at the
hearing ensure no potential abuse of discretion. Moses v. State, 590 S.W.2d 469, 470
(Tex.Cr.App. 1979).

 By the Anders brief, counsel concedes the record does not reveal any potentially
arguable issues. After our own independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal, we agree. 
See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found
no nonfrivolous issues and agree with counsel that the appeal is without merit and is,
therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972). 

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed. 

 Don H. Reavis

 Justice


Do not publish.

1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).


ust contain a clear and unambiguous expression of the Legislature's waiver
of immunity. See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003). 

 Suits against government employees in their official capacity (2) are in fact claims
against the government. Ware v. Miller, 82 S.W.3d 795, 800 (Tex.App.-Amarillo 2002, pet.
denied); Friona Indep. Sch. Dist. v. King, 15 S.W.3d 653, 657 n.3 (Tex.App.-Amarillo 2000,
no pet.). See Brandon v. Holt, 469 U.S. 464, 471, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878
(1985). 

 On appeal, appellant argues his pleadings asserted claims arising from the
employees' failure to follow Department regulations, the failure of medical personnel to
examine his injuries, to replace his nitroglycerine tablets, and to take photographs,
employees' failure to call supervisors, and their failure to use a video camera. He further
argues his suit alleged a cause of action for the negligent misuse of medical and other
records, and a cause of action for malicious prosecution, arising from the disciplinary action
taken against him. Allegations of non-use of tangible personal property are not within the
statutory waiver of the Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2)
(Vernon 2005). See, e.g., Texas Dep't of Criminal Justice v. Miller, 51 S.W.3d 583, 587-88
(Tex. 2001); Texas Natural Resource Conservation Comm'n v. White, 46 S.W.3d 864, 869
(Tex. 2001); University of Tex. Med. Branch v. York, 871 S.W.2d 175, 178-79 (Tex. 1994). 
See also Cherry v. Texas Dep't of Criminal Justice, 978 S.W.2d 240, 242-43
(Tex.App.-Texarkana 1998, no pet.). Nor does the Tort Claims Act waive a governmental
unit's immunity from suits alleging the failure to follow its policies and procedures, or those
alleging malicious prosecution by its agents acting in their official capacity. 

 Further, where the purpose of a proceeding against state officials is to control an
action of the State or subject it to liability, it is a suit against the State within the rule of
immunity of the State from suit. Griffin v. Hawn, 161 Tex. 422, 424, 341 S.W.2d 151, 152
(1960). Based on his contentions on appeal, we must conclude the trial court reasonably
could have decided that all appellant's claims against the employees of TDCJ asserting
damages under state law are barred by the State's immunity from suit. 

 Appellant's brief alleges he has a tort claim for retaliation under the Eighth
Amendment to the United States Constitution and 42 U.S.C.A. § 1983. Section 1983
provides a remedy when any "person" acting under color of state law deprives another of
rights, privileges, or immunities protected by the United States Constitution or laws. 42
U.S.C.A. § 1983 (West 2003). See Thomas v. Collins, 960 S.W.2d 106, 109
(Tex.App.-Houston [1st Dist.] 1997, writ denied). Neither a state nor its officials acting in
their official capacities are "persons" under section 1983. Will v. Michigan Dep't of State
Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). Appellant's claims
against the employees pursuant to 42 U.S.C.A. § 1983 therefore must fail.

 Appellant's tort and Eighth Amendment complaints against Amarillo's chief of police
and mayor, and Potter County's sheriff and commissioners, are based on his assertions
that Potter County provided inadequate training of officers. Appellant's pleadings fail to
establish a connection between his complaints and the City of Amarillo, Potter County, or
their employees. That some of the incidents occurred at the Clements Unit located in
Potter County is not material since the Clements Unit is operated and staffed by the Texas
Department of Criminal Justice. Those claims were properly dismissed as having no basis
in law.

 Appellant also asserted claims in the trial court based on other constitutional and
statutory provisions. Appellant's brief does not contend the trial court abused its discretion
by dismissing those claims, nor does the brief contain any argument or authority regarding
them. He has waived them on appeal. Generally, we may not reverse a trial court's
judgment absent properly assigned error. Pat Baker Co., Inc. v. Wilson, 971 S.W.2d 447,
450 (Tex. 1998) (per curiam). The Texas Rules of Appellate Procedure apply with equal
force to pro se litigants and licensed attorneys. Greenstreet v. Heiskell, 940 S.W.2d 831,
834 (Tex.App.-Amarillo 1997, no writ). Those rules require an appellant's brief to contain
a clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record. Tex. R. App. P. 38.1(h). Appellate issues are waived when
an appellant's brief contains no citation to authority or substantive discussion of how the
trial court erred. See Knie v. Piskun, 23 S.W.3d 455, 460 (Tex.App.-Amarillo 2000, pet.
denied). 

 In his brief on appeal, appellant also asserts the liability of the defendants under
statutes not mentioned in his pleadings in the trial court. Review of issues on appeal is
limited to those asserted in the trial court. Tex. R. App. P. 33.1. See In re Vega, 10 S.W.3d
720, 722 (Tex.App.-Amarillo 1999, no pet.).

 Finding the trial court's dismissal of appellant's suit was not an abuse of its
discretion, we affirm its order. 


 James T. Campbell

 Justice

1. 
 " " '
 
 
2. Language in appellant's trial court pleadings indicates he sued at least some
defendants in their individual capacities. As we understand appellant's brief in this court,
however, his contention here is that the State employees, although sometimes acting
contrary to TDCJ policy, were acting in their capacity as government employees.